STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

24-571

SHIRLEY GUILLORY, ET AL

VERSUS

OPELOUSAS GENERAL HOSPITAL
AUTHORITY, ET AL

**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 21-C-1822-D
HONORABLE D. JASON MECHE, DISTRICT JUDGE

**********

GARY J. ORTEGO
JUDGE

**********

Court composed of Sharon Darville Wilson, Gary J. Ortego, and Clayton Davis,
Judges.

REVERSED AND REMANDED.

**D. Grant Castillo**
**Todd A. Townsley**
**The Townsley Law Firm**
**3102 Enterprise Blvd.**
**Lake Charles, LA 70601**
**(337) 478-1400**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
  **Shirley Guillory**
  **Rhonda Guillory**
  **Christy Nicole Jackson**
  **Alisha Monique Guillory**
  **Kevin Guillory**


**Michael W. Adley**
**Judice &  Adley, APLC**
**P. O. Drawer 51769**
**Lafayette, LA 70505-1769**
**(337) 235-2405**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
  **LAMMICO**
  **George R. Williams, M.D.**


**Alan K. Breaud**
**Timothy W. Basden**
**Breaud & Meyers**
**P. O. Box 51365**
**Lafayette, LA  70505**
**(337) 266-2200**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
  **LAMMICO**
  **Aaron J. Blanchard, P.A.**


**Deborah Deo Gracias Trahan**
**Tonya K. Gallaspy**
**Schroeder & Trahan**
**One Galleria Boulevard, Suite 700**
**Metairie, LA  70001**
**(800) 452-2120**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
  **Kalyan Kumar Veerina, M.D.**
  **Cardiovascular Institute of the South**

**ORTEGO, Judge.**

In this civil case, plaintiffs, the wife and children of a patient allegedly a victim of medical malpractice, filed their petition for damages against multiple defendants for the alleged medical malpractice. After settling with the defendant hospital, and specifically reserving their rights against the remaining defendants, the remaining defendants filed their motion(s) for summary judgment asserting the affirmative defense that the settlement amount received by plaintiffs was in an amount in excess of the medical malpractice cap pursuant to La.R.S. 40:1231.2(B)(1). As such, they asserted that plaintiffs' claims against them should be dismissed with prejudice.

At the hearing, the trial court excluded plaintiffs' evidence offered relevant to whether the settlement funds in question were for general damages or for past or future medical expenses only. After taking the matter under advisement, the trial court found that defendants had carried their initial burden to prove application of the $500,000.00 cap on general damages under the Louisiana Medical Malpractice Act by their mere production and presentation of settlement documents indicating that plaintiffs received in excess of $4,000,000.00 in the settlement. The trial court found that the burden was then shifted to plaintiffs, who failed to carry their burden to show a genuine issue of material fact that the settlement proceeds were only for past or future medical expenses and not general damages. Thus, given the plaintiffs' alleged failure to carry the shifted burden, the trial court granted the defendants' motions for summary judgment. Plaintiffs appeal.

## FACTS

Hubert Guillory ("Guillory") suffered from severe back pain accompanied by radiating nerve symptoms in his arms and legs. On January 26, 2016, Guillory underwent an extensive surgical procedure that involved multi-level cervical

decompressions, fusions, and partial facetectomies. The surgical procedure was performed by Dr. George Williams ("Dr. Williams") at Opelousas General Hospital ("OGH").

Following the surgery, Dr. Williams traveled out of the country. Guillory remained hospitalized at OGH and was followed post-operatively by Dr. Williams' physician assistant, Aaron Blanchard ("PA Blanchard").

On January 28, 2016, Guillory began exhibiting complications, and his condition deteriorated rapidly. Cardiologist, Dr. Kalyan Veerina ("Dr. Veerina"), performed a pulmonary angiogram that confirmed the existence of a pulmonary embolus, and Dr. Veerina treated the pulmonary embolus with medication.

Guillory's condition continued to deteriorate, and he began bleeding from the surgery sites. The following day, Guillory's condition stabilized, and he was able to follow a few oral commands. However, due to continuing complications and the increasing pressure around Guillory's spine, he was rendered a quadriplegic. A subsequent surgery on January 31, 2016, failed to remedy Guillory's condition related to the pressure on his spine. Guillory died on November 10, 2017.

On May 17, 2021, Guillory's wife, Shirley Guillory, and his children, Rhonda Guillory, Christy Nicole Jackson, Alisha Monique Guillory, and Kevin Guillory, ("Plaintiffs") filed a petition for damages in St. Landry Parish. Named original defendants were OGH, Dr. Williams, PA Blanchard, Dr. Veerina, Cardiovascular Institute of the South, and LAMMICO, the insurer of Dr. Wiliams and PA Blanchard.

On June 21, 2017, PA Blanchard and LAMMICO filed an answer that included, inter alia, an affirmative defense regarding application of the $500,000.00 limitation pursuant to La.R.S. 40:1231.2(B)(1).

On April 5, 2023, a judgment of partial dismissal was filed by Plaintiffs, OGH, and the Louisiana Patient's Compensation Fund Oversight Board (PCF). The judgment averred that the claims between Plaintiffs, OGH, and the PCF had been settled and compromised with Plaintiffs specifically reserving their rights against the remaining defendants.

PA Blanchard and LAMMICO propounded a request for production of documents to Plaintiffs seeking a copy of their settlement agreement with OGH and the PCF. After Plaintiffs' refusal to provide the document, the trial court granted a motion to compel the production of the settlement agreement. Plaintiffs then produced the settlement documents.

On May 14, 2024, PA Blanchard and LAMMICO filed a motion for summary judgment. The basis for the motion was that the settlement agreement showed that Plaintiffs were paid $4,410,000.00 by OGH and the PCF. Of that amount, $48,761.41 was paid to the Louisiana Department of Health and $183,823.57 was paid to Medicare, with the remainder of $4,177,415.02 being paid to Plaintiffs.

On May 17, 2024, Dr. Veerina, and the Cardiovascular Institute of the South filed a similar motion for summary judgment. Thereafter, Dr. Williams and LAMMICO, as his insurer, also filed a motion for summary judgment on the same basis.

On July 11, 2024, Plaintiffs filed an opposition to each motion for summary judgment. Relevant to these proceedings, attached to the opposition was Exhibit 3, Plaintiffs' answers to interrogatories. On July 24, 2024, PA Blanchard and LAMMICO filed a reply memorandum that contained an objection to the admissibility of Plaintiffs' Exhibit 3 due to the answers being signed without

Plaintiffs being under oath or accompanied by an affidavit executed before a notary public attesting to their content.

The motions for summary judgment came up for hearing on July 29, 2024. The trial court sustained the Defendants' objection to admission of Plaintiffs' Exhibit 3. Thereafter, the trial court took the matter under advisement.

On September 5, 2024, the trial court issued judgment granting the Defendants' motions pursuant to its finding that the burden shifted to Plaintiffs to prove how much of the settlement with other defendants was for past and future medical bills only. The court dismissed the remaining defendants, PA Blanchard, Dr. Williams, the Cardiovascular Institute of the South, and LAMMICO (hereinafter "Defendants"), with prejudice.

Plaintiffs appeal. They raise five assignments of error.

## ASSIGNMENTS OF ERROR

1.     The trial court erred in granting Defendants' Motions for Summary Judgment and in finding that the Medical Malpractice Act's statutory cap on damages precluded plaintiffs from proceeding against the non-settling defendants after plaintiffs settled with a qualified defendant and the Patients' Compensation Fund.

2.     The trial court erred in holding that Plaintiffs-Appellants bear the burden of proof at trial as to whether Plaintiffs have exhausted the amount of damages recoverable under the Louisiana Medical Malpractice Act.

3.     The trial court erred in holding that the Defendants established prima facie proof of their affirmative defense that the Plaintiffs-Appellants have recovered funds in excess of the statutory cap on damage[s] provided in the Louisiana Medical Malpractice Act.

4.     The trial court erred in ignoring Plaintiff's memoranda and holding that the Defendants shifted the burden of proof to Plaintiffs to produce evidence on how much of the settlement money was for medical care and related benefits only, therefore creating a genuine issue of material fact to whether the recovery exceeded the statutory cap on damages established in the Medical Malpractice Act.

5.     The trial court erred in assessing court costs against the Plaintiffs.

5

# STANDARD OF REVIEW

Summary judgments are reviewed de novo using the same criteria as that of the trial court in adjudicating the appropriateness of the summary judgment. *Samaha v. Rau,* 07-1726 (La. 2/26/08), 977 So.2d 880. Summary judgments are granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P.art. 966(B).

> The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

La.Code Civ.P.art. 966 C (2).

## ASSIGNMENTS OF ERROR NUMBERS ONE THROUGH FIVE

Plaintiffs' five assignments of error are essentially five arguments contending that the trial court erroneously granted Defendants' motions for summary judgment. As such, we address whether the trial court was correct in granting Defendants' motions under one heading.

We first review Plaintiffs' fourth assignment of error, wherein Plaintiffs argue that the trial court erred in finding the Defendants had carried their initial burden of proof, and provided sufficient proof as to their affirmative defense claim to prove application of the medical malpractice general damages cap under La.R.S. 40:1231.2(B)(1), and, thus, the burden of proof was erroneously shifted to

Plaintiffs to produce evidence on how much of the settlement money was for medical care and related benefits only.

Pursuant to La.Code Civ.P.art. 966(B), the Defendants bore the burden of proof on these motions. Thus, the trial court erroneously shifted that burden to Plaintiffs after Defendants merely produced the settlement documents showing that Plaintiffs had received a settlement of $4,410,000.00, an amount in excess of the $500,000.00 cap for general damages, exclusive of future medical care and related benefits under La.R.S. 40:1231.2(B)(1). In reviewing this matter de novo, we find this was in error, and as such the trial court erroneously granted Defendants' motions.

Louisiana Revised Statutes 40:1231.2(B)(1) states, "[t]he total amount recoverable for all malpractice claims for injuries to or death of a patient, *exclusive of future medical care and related benefits* as provided in La.R.S. 40:1231.2(B)(1), shall not exceed five hundred thousand dollars plus interest and cost." (Emphasis added)

Louisiana Code of Civil Procedure Article 966(B) provides that the burden of proof shifts from the movant when the movant "will not bear the burden of proof at trial on the matter." Here, the application of the statutory general damages cap is an affirmative defense asserted by Defendants. Parties who assert affirmative defenses *must* carry the burden to prove that affirmative defense. *Carmouche v. National Union Fire Insurance Company of Pittsburgh, PA*, 23-367 (La.App. 3 Cir. 2/7/24), 380 So.3d 214. Therefore, in this action, under the proper application of La.Code Civ.P.art. 966(B), Defendants, as movants, have the burden to prove application of the damages cap, *exclusive of future medical care and related benefits*, under La.R.S. 40:1231.2(B)(1).

Here, while the settlement proceeds without question exceed the statutory cap of $500,000, the record shows that the Defendants failed to produce any evidence as to what amount, if any, of the settlement proceeds were for damages, *exclusive of future medical care and related benefits*, as required pursuant to their affirmative defense claims. In other words, the plain language of this statute shows that the Defendants' burden of proof is not merely that the amount of Plaintiffs' settlement was in excess of $500,000, as is clearly the case, but additionally as to what amount, if any, of the settlement proceeds were for damages, *exclusive of future medical care and related benefits*. Therefore, we find that the Defendants have failed to carry their initial burden of proof as required pursuant by La.Code Civ.P.art. 966. Thus, the trial court erred in erroneously/improperly shifting the burden of proof to the Plaintiffs to produce evidence on how much of the settlement money was for future medical care and related benefits only.

Given the above, and after a thorough review of the record, we find that a genuine issue of material fact remains in this case as to whether Plaintiffs' settlement exceeded the statutory cap on general damages, *exclusive of future medical care and related benefits*, established by the Medical Malpractice Act under La.R.S. 40:1231.2(B)(1). Thus, the jurisprudence is clear that, because such an issue of material fact remains, summary judgment is inappropriate.

We find that the trial court erred in granting Defendants' motions. This finding pretermits the remaining issues raised by Plaintiffs.

## DECREE

Plaintiffs, Shirley Guillory, Rhonda Guillory, Christy Nicole Jackson, Alisha Monique Guillory, and Kevin Guillory, assign five errors asserting that the trial court erroneously granted Defendants' respective motions for summary judgment. We find the trial court improperly shifted the burden of proof to Plaintiffs when Defendants failed to carry their burden, as to their affirmative defense, to prove the statutory medical malpractice general damages cap under La.R.S. 40:1231.2(B)(1) as to Plaintiffs' settlement.

Accordingly, we reverse the trial court's judgment granting Defendants' respective motions for summary judgment dismissing the claims of Plaintiffs, Shirley Guillory, Rhonda Guillory, Christy Nicole Jackson, Alisha Monique Guillory, and Kevin Guillory against the remaining defendants, physician assistant Aaron Blanchard, Dr. George Williams, Dr. Kalyan Veerina, the Cardiovascular Institute of the South, and LAMMICO, and remand this matter for further proceedings consistent with this opinion. Costs of these proceedings are assessed equally to physician assistant Aaron Blanchard, Dr. George Williams, Dr. Kalyan Veerina, the Cardiovascular Institute of the South, and LAMMICO.

**REVERSED AND REMANDED.**